Davis v. Wells Fargo Bank, National Association, Trustee, As Trustee for Series HBV 2007-3 et al                                    Doc. 72

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ESTELL DAVIS,

      Plaintiff,

      v.

WELLS FARGO BANK, N.A., et al.,

      Defendants.

_____/

No. C 10-0489 PJH

**ORDER GRANTING MOTION TO DISMISS AND GRANTING MOTION TO STRIKE**

The motion of defendants Wells Fargo Bank, N.A. ("WFB") and GMAC Mortgage, L.L.C. ("GMAC") to dismiss the first amended complaint ("FAC") and to strike the prayer for punitive damages and attorney's fees came on for hearing before this court on July 7, 2010. Plaintiff appeared by her counsel Robert A. Spanner, and WFB and GMAC appeared by their counsel Mary Kate Sullivan. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motions as follows, and for the reasons stated at the hearing.

    1.    The motion to dismiss the first cause of action under the Truth in Lending Act ("TILA") is GRANTED, with leave to amend. A plaintiff's damage claims relating to improper disclosures under TILA are subject to a one-year statute of limitations, 15 U.S.C. § 1640(e), which runs from the time the loan transaction is consummated. King v. State of California, 784 F.2d 910, 915 (9th Cir. 1986); see also Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003). Here, the loan transaction at issue was consummated more than one year before plaintiff filed the present action, and the TILA claim is therefore time-barred.

Plaintiff argues, however, that equitable tolling should be applied to toll the running of the statute of limitations. "Equitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" O'Donnell v. Vencor, Inc., 465 F.3d 1063, 1068 (9th Cir. 2006) (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." Santa Maria v. Pacific Bell, 202 F.3d 1170, 1178 (9th Cir. 2000), overruled on other grounds by Socop-Gonzalez v. INS, 272 F.3d 1176 (9th Cir. 2001).

Here, the FAC does not adequately allege facts supporting plaintiff's assertion that the running of the limitations period should be equitably tolled. Accordingly, the court will grant leave to amend to allege facts supporting equitable tolling.

2. The motion to dismiss the second cause of action under California Business and Professions Code § 17200 is GRANTED, with leave to amend. To state a claim for unfair competition pursuant to §17200, a plaintiff must allege that a defendant engaged in an "unlawful, unfair, or fraudulent business act or practice" or in "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.

A plaintiff alleging unfair business practices under the UCL "'must state with reasonable particularity the facts supporting the statutory elements of the violation.'" Silicon Knights, Inc. v. Crystal Dynamics, Inc., 983 F.Supp. 1303, 1316 (N.D. Cal. 1997) (quoting Khoury v. Maly's of California, 14 Cal. App. 4th 612, 619 (1993)). In addition, to the extent that a plaintiff's UCL claim is based upon purported fraudulent conduct of any defendant, the plaintiff must allege with "reasonable particularity" and must state the who, what, where, and when of such conduct. See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003)

Here, the FAC is deficient because plaintiff fails to clarify which defendant is alleged to have committed which unlawful, unfair, or fraudulent business act or practice. In

1 addition, plaintiff must state facts supporting her theory of vicarious liability. The court will
2 grant leave to amend to correct these deficiencies.

3. The motion to dismiss the third cause of action for breach of fiduciary duty is GRANTED, with leave to amend. As WFB and GMAC correctly note, there is no fiduciary relationship between a financial institution and a borrower. See Peterson Dev. Co. v. Torrey Pines Bank, 233 Cal. App. 3d 103, 116 (1991); Price v. Wells Fargo Bank, 213 Cal. App. 3d 465, 476 (1989)). When a financial institution's involvement in a transaction does not exceed the scope of its role as a mere lender of money, it owes no fiduciary duty. See Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991).

Plaintiff argues in her opposition to the motion that WFB and GMAC "aided and abetted" the mortgage-broker defendants' breach of fiduciary duty. A common law claim for aiding and abetting an intentional tort such as breach of fiduciary duty must allege that the defendant knew the other person's conduct constituted a breach of duty and gave substantial assistance or encouragement to the other to so act; or that the defendant gave substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constituted a breach of duty to the third person. See Casey v. U.S. Bank National Ass'n, 127 Cal. App. 4th 1138, 1144-45 (2005). However, the FAC pleads no facts to support this theory of liability as to WFB or GMAC. Leave to amend is granted to correct the deficiencies in the claim against WFB and GMAC.

4. The motion to dismiss the fourth cause of action under California Civil Code § 2923.5 is GRANTED, with leave to amend. As an initial matter, the claim is vague and ambiguous in that it refers to the defendants as a group, and to the "subject loan" without specifying the transaction. In addition, as plaintiff's counsel acknowledged at the hearing, the California Court of Appeal's decision in Mabry v. Superior Court, 2010 WL 2180530 at *6-7, 185 Cal. App. 4th 208 (June 2, 2010) makes clear that the only remedy for a § 2329.5 violation is a postponement of the foreclosure to enable the defendants to comply with the requirements of the statute – not a claim for damages.

The dismissal is with leave to amend to allege facts sufficient to show liability as to

WFB and GMAC, and also to state what relief plaintiff seeks, in light of the fact that there is no foreclosure sale pending at present.

    5. The motion to dismiss the fifth cause of action under Civil Code § 2923.5 is GRANTED. The dismissal is WITH PREJUDICE, as plaintiff's counsel conceded at the hearing that plaintiff has no claim under § 2923.5 other than the claim alleged as the fourth cause of action.

    6. The motion to strike the prayer for punitive damages as to WFB and GMAC is GRANTED, as stated at the hearing.

    7. The motion to strike the prayer for attorney's fees is GRANTED, with leave to amend to plead the authority under which plaintiff will seek attorney's fees.

The second amended complaint shall be filed no later than August 9, 2010. The court requests that WFB and GMAC coordinate with the broker-defendants in the filing of a response to the second amended complaint.

**IT IS SO ORDERED.**

Dated: July 8, 2010

PHYLLIS J. HAMILTON
United States District Judge